### JIAN CHENG LIN, Petitioner,

v.

### Michael B. MUKASEY, Attorney General, Respondent.

### No. 08–1464–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2009.

Feng Li, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Yamileth G. Handuber, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Jian Cheng Lin, a native and citizen of the People's Republic of China, seeks review of a February 27, 2008 order of the BIA dismissing as untimely his appeal of an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Lin–Jiang a.k.a. Chang Lin–Jian Cheng,* No. A97 816 018 (B.I.A. Feb. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95

---

(2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Lin failed to file a timely appeal of the IJ's denial of his application for asylum, withholding of removal, and CAT relief. Because he failed to exhaust his administrative remedies, we lack jurisdiction to consider Lin's petition for review. *See Poole v. Mukasey,* 522 F.3d 259, 263 (2d Cir.2008). The regulations provide that a notice of appeal of an IJ's decision must generally be filed with the BIA within 30 days of the IJ's decision, and that the date the BIA received the notice of appeal is considered the filing date. *See* 8 C.F.R. §§ 1003.3(a), 1003.38(b) and (c); *Poole,* 522 F.3d at 262–63. Here, the IJ issued his order denying Lin's applications for relief on July 14, 2005. Lin thus had until August 15, 2005, to file his appeal. The BIA did not receive it until April 6, 2006. Lin argues that he did file a timely appeal, submitting as evidence a notice of appeal form that he claims to have served on an office of the Department of Homeland Security. It bears a date stamp that is within the thirty day filing deadline. Lin, however, does not dispute that this notice of appeal was on the wrong form and provides no evidence that it was filed with the BIA as required by the regulations. *See* 8 C.F.R. § 1003.38(b). Accordingly, we find no error in the BIA's factual determination that Lin's appeal was untimely. *See Poole,* 522 F.3d at 263.[1]

---

1. We take no position as to whether Lin may assert a viable motion to reopen as a result of his former counsel's late and otherwise improper filing of Lin's appeal to the BIA. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006)(holding that claim of ineffective assistance may equitably toll filing period if movant exercises due diligence in pursuing the case during period sought to be tolled).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

*See also Esposito v. I.N.S.,* 987 F.2d 108, 110–11 (2d Cir.1993) (*per curiam* ).

