Martello O'Neal Alvaro FORBES,
Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 08–0996–ag.

United States Court of Appeals,
Second Circuit.

May 1, 2009.

Martello Forbes, Springfield Gardens, NY, pro se.

Katharine E. Clark, Office of Immigration Litigation, Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, GUIDO CALABRESI and ROBERT A. KATZMANN, Circuit Judges.

674

## SUMMARY ORDER

Petitioner Martello Forbes, *pro se*, a native and citizen of Jamaica, seeks review of a February 6, 2008 order of the BIA affirming the October 3, 2007 decision of Immigration Judge ("IJ") Alan A. Vomacka denying Forbes' application for cancellation of removal. *In re Forbes*, No. A44 853 669 (B.I.A. Feb. 6, 2008), *aff'g* No. A44 853 669 (Immig. Ct. N.Y. City Oct. 3, 2007). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008) (internal quotation marks omitted).

■ This Court lacks jurisdiction to review the discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B); *see also De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir.2006). Therefore, insofar as Forbes argues that the agency improperly balanced the equities, we lack jurisdiction to review the agency's denial and dismiss Forbes' claim accordingly.

■ Before us, Forbes raises two questions of law. He asserts that the agency erred in not considering a Convention Against Torture/willful blindness argument. But in fact, Forbes failed to exhaust this issue before the agency. Accordingly, we will not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1 (2d Cir.2007).

Forbes also argues that he has derivative United States citizenship. This claim, too, was not raised before the agency. And a "claim to derivative citizenship does not encounter a jurisdictional obstacle for lack of exhaustion." *See Poole v. Mukasey*, 522 F.3d 259, 264 (2d Cir.2008). Forbes' claim is, however, without merit.

Pursuant to INA § 242(b)(5)(A), "[i]f the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). However, if we find that a genuine issue of material fact does exist, we "shall transfer the proceedings to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim." *Id.* § 1252(b)(5)(B). The statutes governing Forbes' claim of derivative citizenship are former INA §§ 321 and 322, 8 U.S.C. §§ 1432 (repealed 2001) and 1433 (1995). *See Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir.2005) ("[W]e apply the law in effect when [the petitioner] fulfilled the last requirement for derivative citizenship.").

■ Here, there is no genuine issue of fact with regard to Forbes' eligibility for citizenship under § 1433 because Forbes only claims that his stepfather had "actual custody," and does not claim that he was ever adopted by his stepfather, that such adoption took place before Forbes reached the age of sixteen, or that either his stepfather or his mother ever applied for a certificate of citizenship on his behalf, claiming only that his stepfather petitioned for his "lawful admission." *See* 8 U.S.C. § 1433. Furthermore, there is no genuine issue of fact concerning Forbes' eligibility for automatic citizenship under the former § 1432 because, even if the other requirements were met, Forbes does not claim that he was either residing in the United States at the time of his mother's natural-

ization, which would have to have occurred before he turned eighteen, or that he thereafter began to reside permanently in the United States while under the age of eighteen. The fact is undisputed in the record, and repeated in Forbes' appellate brief, that he arrived in the United States in 1995, at the age of nineteen. Accordingly, because no genuine issue of material fact exists with regard to Forbes' citizenship, we dismiss this claim.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.