Robert S. LEWIS, Petitioner–Appellant,

v.

Edward MCELROY, New York Field Office Director, Bureau of Immigration and Customs Service, Michael B. Mukasey, Attorney General of the United States, Department of Homeland Security,* Respondents–Appellant.

No. 05–1265–pr.

United States Court of Appeals, Second Circuit.

Sept. 26, 2008.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is substituted for former Attorney General Alberto R. Gonzales and the other respondents are substituted for the former respondents.

Robert S. Lewis, New York, NY, pro se.

F. James Loprest, Jr., Special Assistant United States Attorney General, for Michael Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondents.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, DAVID G. TRAGER,** District Judge.

## SUMMARY ORDER

Petitioner–Respondent Robert S. Lewis appeals pro se from a February 15, 2005, order and decision of the United States District Court for the Southern District of New York (Daniels, *J.*), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and stay of removal. Lewis challenges an April 13, 2001, order and decision of the Board of Immigration Appeals ("BIA"), ordering him removed as an alien who committed an aggravated felony. The sole claim raised in Lewis's habeas petition is that he is a citizen of the United States, over whom the BIA lacked jurisdiction to issue an order of removal.

Lewis claims that he obtained derivative citizenship when his mother was naturalized in 1983. The facts, which appear to be uncontested, are as follows. Lewis, born in Jamaica on June 23, 1965, was admitted as to the United States as a lawful permanent resident on June 23, 1981, at the age of sixteen. On or about February 8, 1983, Lewis' unmarried mother, Lucille Powell, filed an Application for

Naturalization with the former Immigration and Naturalization Service ("INS"). The application was received by the INS on April 1, 1983. Lewis alleges that his mother initially indicated on her naturalization application that she was also requesting derivative citizenship status for her son, Lewis, who would turn eighteen on June 23 of that year. According to Lewis, his mother later removed his name from her naturalization application at the insistence of an immigration officer. The INS approved his mother's Application for Naturalization on May 19, 1983, but, at the time, aliens could be naturalized only after a swearing-in ceremony at a United States district court. *See* 8 U.S.C. § 1421(a) (1952). Shortly thereafter, the INS sent Ms. Powell a Notice of Final Naturalization Hearing, which advised her that her swearing-in ceremony would be held on September 14, 1983, in a federal district court in New York. There is no indication in the record why the INS decided to assign Powell a court date four months after her naturalization application was approved, when the agency allegedly knew that she wished to obtain derivative citizenship status for her son who would turn eighteen the following month (on June 23, 1983). Ms. Powell's Certificate of Naturalization reflects that she became a naturalized citizen of the United States on September 14, 1983, less than three months after Lewis's eighteenth birthday. The INS did not issue a certificate of citizenship for Lewis.

To determine whether an alien obtains derivative citizenship status, the court "appl[ies] the law in effect when [petitioner] fulfilled the last requirement for derivative citizenship." *Poole v. Mukasey*, 522 F.3d 259, 264 (2d Cir.2008) (internal quota-

tion marks omitted). As a lawful permanent resident with an unmarried mother, Lewis qualified for derivative citizenship status under 8 U.S.C. § 1432(a)(4), as in *Poole*, if his "mother received her citizenship prior to [Lewis's] eighteenth birthday." *Id.* at 265. Because Lewis's mother was naturalized after Lewis's eighteenth birthday, he appears to fail to satisfy the timing requirement of subsection 1432(a)(4). However, as in *Poole*, "there might be some basis for relieving [Lewis] of the requirement that his mother was naturalized prior to his eighteenth birthday." *Id.* In *Poole*, we remanded because the petitioner's mother "applied for citizenship when [the petitioner] was 16" and "[t]he record provide[d] no indication why the Government took two years to process her application." *Id.* And we further relied on a decision by the Third Circuit, which "in an unpublished opinion, has accepted the argument that an inexplicable delay on the part of the INS in processing a parent's citizenship application should not defeat a child's claim for derivative citizenship. *See Calix–Chavarria v. Attorney General of the United States,* 182 Fed. Appx. 72, 76 (3d Cir.2006)." *Id.*

Here, the equities are different, but similar. Unlike Poole's mother, Lewis's mother did not file for naturalization until four months before Lewis's eighteenth birthday; however, also unlike Poole's mother, Lewis's mother's application was *approved* by the agency a month *prior* to Lewis's eighteenth birthday. The only reason Lewis's mother was not naturalized before Lewis's birthday is that her swearing-in ceremony was scheduled four months after her application was approved. No reason has been given for this delay and the agency, on remand, should evaluate (a) whether the delay was unreasonable under the circumstances and, if so, (b) whether this might "reliev[e] [Lewis] of the requirement that his mother was naturalized prior to his eighteenth birthday." *Poole,*

522 F.3d at 264. Further, in the unpublished decision relied upon in *Poole,* the Third Circuit remanded for the agency to determine whether, as a general rule, the petitioner's age *at the time of filing* of the naturalization application should govern over the petitioner's age at the time the naturalization occurred, regardless of whether any undue delays occurred. *See Calix–Chavarria,* 182 Fed.Appx. at 76 (remanding, with apparent approval of the Attorney General, for the agency to consider whether "the Child Status Protection Act of 2002[ ], Pub.L. No. 107–208, 116 Stat. 927, [which] amended the Immigration and Nationality Act to provide 'age-out' protection for individuals who were children at the time a petition or application for permanent resident status was *filed* on their behalf," should be applied to provide "age-out" protection for naturalization applications *filed* at the time the child was less than eighteen (emphasis added)). Such a rule would cover Lewis's case too, because his mother's application was *filed* before his eighteenth birthday. Thus, in short, under both *Poole* and *Calix–Chavarria,* Lewis's claim for derivative citizenship should be remanded to the agency for further consideration.

The government argues that "Lewis's claims are barred by the doctrine of collateral estoppel because Lewis already litigated them, albeit unsuccessfully, in a substantially similar petition for a writ of habeas corpus that was previously dismissed by the United States District Court for the Eastern District of Pennsylvania, whose decision was affirmed on appeal by the Third Circuit." *See Gov't 28(j) Letter, July 2, 2008; Lewis v. Elwood,* No. 03–cv–5121 (CN), slip op. at 1 (E.D.Pa. Jan. 9, 2004), *aff'd,* No. 04–1254, slip. op., 112 Fed.Appx. 866 (3d Cir. July 1, 2004).

Lewis's petition, which claims citizenship status, challenges "whether the petitioner is an alien." 8 U.S.C. 1252(e)(2)(A). As such, his claim is properly raised as a petition for habeas corpus, which is not converted to a petition for review even after the passage of the REAL ID Act. *See id.; see also Ng Fung Ho v. White,* 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938 (1922) ("Jurisdiction in the executive to order deportation exists only if the person arrested is an alien. The claim of citizenship is thus a denial of an essential jurisdiction fact" in a deportation proceeding so that if a person ordered removed "claims citizenship and makes a showing that his claim is not frivolous," that person is "entitled to a judicial determination of [his] claim[ ]" in a federal court "by means of the writ of habeas corpus."). Thus, his petition remains a habeas petition. "[I]t is well-settled that res judicata has no application in the habeas corpus [context]." *Muniz v. United States,* 236 F.3d 122, 126 (2d Cir.2001). Rather, "the Supreme Court has been very clear that with respect to subsequent habeas ... petitions, abuse of the writ is a substitute for res judicata, and that res judicata, strictly speaking, does not attach to the denial of a first habeas petition." *Id.* (internal quotation marks omitted).

The government has not pleaded, or argued, that the abuse of the writ doctrine applies; it has argued only, and incorrectly, that collateral estoppel applies. The government's failure to allege with particularity that Lewis abused the writ is likely fatal to the government's claim. *See McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) ("When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, *with clarity and particularity,* it notes petitioner's prior writ history, identifies the claims that appear for the first time, *and alleges*

*that petitioner has abused the writ."* (emphases added)). To the extent the government has not waived the argument, we hold that the "ends of justice" require that we reach the merits of Lewis' allegedly abusive petition. *See id.* at 485, 111 S.Ct. 1454 (retaining rule that "federal courts must reach the merits of an abusive petition if 'the ends of justice demand' " (quoting *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963))). Not only would Lewis's claim, if correct, establish that he is actually "innocent" of the deportation charges, *see id.* at 495, 111 S.Ct. 1454 (holding that a "colorable showing of factual innocence" satisfies the "ends of justice" requirement), the Third Circuit's and our circuit's case law have shifted to Lewis's advantage since Lewis's first habeas petition was dismissed, so that if his claim were heard for the first time today, a remand would be required under the subsequent decisions of *Calix–Chavarria* and *Poole, see Sanders,* 373 U.S. at 17, 83 S.Ct. 1068 (noting that "ends of justice" requirement can be met when there has been "an intervening change in the law").

For the foregoing reasons, we VACATE the order of the district court, and REMAND Lewis's claim to the BIA for further consideration of his derivative citizenship claim in light of *Poole* and *Calix–Chavarria.* The government's pending motion for summary dismissal and petitioner's pending motion for a stay of removal are DENIED as moot.