SUMMARY ORDER
Petitioner Nelson Francisco Segura appeals from the decision of the Board of Immigration Appeals (“BIA”), dated March 5, 2008, which adopted and affirmed a decision of the Immigration Court, delivered orally on April 4, 2006, which denied Segura’s applications for: (1) withholding of removal; (2) relief under the Convention Against Torture (“CAT”); and (3) termination of proceedings. The Immigration Court ordered Segura deported to Colombia based upon his conviction of an aggravated felony. (SPA 24)
The facts are essentially undisputed. As found by the Immigration Judge Brigitte LaForest (“the IJ”), Segura, a native and citizen of Colombia, was admitted to the United States as a Lawful Permanent Resident, in 1961, shortly after his third birthday. In 2000, Segura was convicted, in the U.S. District Court for the Eastern District of New York, of cocaine trafficking, in violation of 21 U.S.C. Sections 846 and 841(b)(1)(A). On February 18, 2000, Segura was sentenced to a term of fifty months imprisonment and five years of supervised release. In 2002, Segura received a Notice to Appear, which charged him with being a removable alien on the ground of his felony conviction.
Segura’s primary argument in favor of relief from deportation is that he is in fact a citizen of the United States based upon the undisputed fact of his mother’s United States citizenship. His mother, Nelly Rosero, filed an application for citizenship, dated July 1, 1975, which was, however, apparently not received by the Immigration and Naturalization Service (“INS”) until January 2, 1976. In that application, Ms. Rosero lists Segura as her only child, stating that he currently resided with her, and giving his birth date as June 4, 1958. On May 24,1976, the INS sent Ms. Rosero a notice scheduling an interview for June 2, 1976. At the conclusion of that interview, it appears that Ms. Rosero still needed to provide the INS with various documents. Ms. Rosero was eventually sworn in as a citizen on July 27,1976.
The IJ denied Segura’s claim of “derivative citizenship” in the following terms:
Under the sections applicable at the time the Respondent’s mother naturalized and presently, a child born outside of the United States automatically becomes a citizen of the United States when, among other factors, the child is under the age of 18 at the time of the parent’s naturalization.... Because the Respondent was born on June 4, 1958, his mother’s naturalization occurred after his 18th birthday. In light of the above, I do not find that this Respondent is a derivative citizen, and I decline to terminate proceedings against the Respondent on that basis.[2]
Segura also claimed that he was entitled to relief under CAT because “as a result of *82 my cooperation with the [United States] government ... paramilitary groups associated with the [Colombian] government and narcotic traffickers have threatened retribution.” The IJ denied this claim, holding that Segura had presented no evidence that he faced retribution at the hands of Colombian officials, as opposed to private citizens, and that CAT accordingly did not apply. Segura does not appeal this holding.
“When the BIA briefly affirms the decision of an IJ and adopts the IJ’s reasoning in doing so, we review the IJ’s and the BIA’s decisions together.” Wangchuck v. Dep’t. of Homeland Sec., 448 F.3d 524, 528 (2d Cir.2006) (internal quotation marks omitted). The basic law is undisputed: if Segura’s mother became naturalized after his eighteenth birthday, Segura did not become a U.S. citizen as a result of her naturalization. Segura relies upon two cases involving claims of derivative citizenship in which this Court remanded to the BIA for reconsideration of the agency’s denial of relief: (1) Lewis v. McElroy, 294 Fed.Appx. 637 (2d Cir.2008), which itself relied upon (2) Poole v. Mukasey, 522 F.3d 259 (2d Cir.2008), rehearing denied, 527 F.3d 257 (2d Cir.2008). Both of these cases, however, involved circumstances of agency fault that are not present here.
In Letvis — putting aside Segura’s problematic reliance upon a summary order— this Court found that remand and reconsideration was warranted in light of the fact that a petitioner’s claim of derivative citizenship failed only because the last ministerial act of his mother’s gaining citizenship occurred after his eighteenth bii'thday: “Lewis’s mother’s application was approved by the agency a month prior to Lewis’s eighteenth birthday. The only reason Lewis’s mother was not naturalized before Lewis’s birthday is that her swearing-in ceremony was scheduled four months after her application was approved. No reason has been given for this delay. ...” 294 Fed.Appx. at 639.
In Poole, the petitioner’s mother was naturalized nine months after his eighteenth birthday, but she had filed her application more than two years before the latter date. This Court held that “an inexplicable delay” in the processing of the mother’s application was a sufficient ground for remand because “[t]he record provides no indication why the Government took two years to process her application. A more expeditious proceeding ... would have provided Poole with derivative citizenship.” 522 F.3d at 265.
The circumstances here are different. First, as set forth above, there is no allegation that Segura’s mother’s application for citizenship had been approved before his eighteenth birthday. On the contrary, as of two days before his birthday, on the date of her interview with the INS, Ms. Rosero still had not provided the agency with sufficient documentation in support of her application for citizenship. Further, Ms. Rosero’s swearing-in ceremony took place less than seven months after her application was filed with the INS. There is nothing in the record which establishes, or even suggests, that this was an inordinate delay. There is certainly no claim that this length of time violated a deadline set forth in any statute or regulation existing at the time.
Segura acknowledges that the 18 year-old rule, “if interpreted strictly,” bars his claim of derivative citizenship. As opposed to the facts prevailing in Letvis and Poole, we don’t see that Segura has given this Court any reason for interpreting the rule in a less than strict manner.
For the reasons stated above, the petition for review is hereby DENIED.

. Segura himself filed an application for citizenship based upon his mother's naturalization. The INS, in an order dated February 6, 2002, denied that application because Segura was over the age of 18 on the date of his mother's naturalization.