07-3691-ag (L), 08-3776-ag (Con)
Gordon v. Holder

BIA
A34 155 714

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of March, two thousand and ten.

PRESENT:   BARRINGTON D. PARKER,
           PETER W. HALL,
           GERARD E. LYNCH,
                                    *Circuit Judges.*
-----------------------------------------------------------------------x
TROY ANTHONY FRANCIS GORDON,

                                    *Petitioner*,

   -v.-                                           No. 07-3691-ag (L),
                                                  08-3776-ag (Con)
ERIC H. HOLDER, JR.,

                                    *Respondent.*
-----------------------------------------------------------------------x


Appearing for the Petitioner:      H. RAYMOND FASANO, Madeo & Fasano, New York, New York.

Appearing for the Respondent:      ANDREW B. INSENGA, (Tony West, William C. Peachey, *on the brief*), Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

1

Petitions from two decisions of the Board of Immigration Appeals. **UPON DUE CONSIDERATION** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petitions for review are **DISMISSED.**

Petitioner Troy Anthony Francis Gordon, a native and citizen of Jamaica, petitions for review of a July 30, 2007 order of the BIA, denying his motion to reopen. The BIA found that Gordon was not entitled to reopening because he had no colorable claim to United States citizenship on the basis of derivative citizenship and had shown no prejudice resulting from any putative ineffective assistance of counsel. *In re Troy Anthony Francis Gordon,* No. A 34 155 714 (B.I.A. Jul 30, 2007). Gordon also petitions for review of a June 30, 2008 order of the BIA that denied Gordon's motion to reopen, in which he had argued that a putative change in the law entitled him to United States citizenship. *In re Troy Anthony Francis Gordon,* No. A 34 155 714 (B.I.A. Jun 30, 2008).

Gordon was ordered removed *in abstentia* from the United States on December 4, 1991 under former section 241(a)(11) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1251(a)(11) (1989) as an alien convicted of a controlled substance violation. His application for waiver of deportation was deemed abandoned, and over nearly two decades he has filed multiple motions to reopen and appeals to the BIA. In the first of the two motions to reopen under consideration here, Gordon claimed, *inter alia,* that he derived citizenship from his parents. Prior to our considering the first petition, Gordon filed to the BIA a second motion to reopen asserting there had been a change in law, specifically this court's disposition in *Poole v. Mukasey,* 522 F.3d 259 (2d Cir. 2008). We stayed briefing on the first petition, and after the BIA

2

denied Gordon's second motion to reopen, we consolidated the two. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Gordon seeks in part to have this court review the BIA's exercise of its authority under 8 C.F.R. § 1003.2(a) to reopen *sua sponte* a case in which it has rendered a decision. It is settled law that courts lack jurisdiction to consider the BIA's wholly discretionary authority under 8 C.F.R. § 1003.2(a). *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir. 2006). Except to the extent discussed below, we are without jurisdiction in these two matters and the petitions will be dismissed.

Our lack of jurisdiction to review the BIA's discretionary decision does not foreclose this court's jurisdiction to consider the legal question of whether petitioner is a citizen of the United States. *See Ashton v. Gonzales,* 431 F.3d 95, 97 (2d Cir. 2005). "[I]f a petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and the affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). If a genuine question of material fact does arise, the Court "shall transfer proceedings to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim . . .." *See* 8 U.S.C. § 1252(b)(5)(B). In the alternative, in considering a claim to derivative citizenship that was already presented to the BIA, we retain the authority to remand that question to the BIA for reconsideration of what relief might be available to the petitioner. *See Poole,* 522 F.3d at 266.

3

We consider a claim to United States citizenship on appeal from the BIA using the same standard as that applies to deciding a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Agosto v. INS.* 436 U.S. 748, 754 (1978). "Accordingly, the government, as the party seeking what amounts to summary judgment, 'bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law.'" *Joseph v. Att'y Gen. of the U.S.,* 421 F.3d 224, 230 (3d Cir. 2005) (quoting *Rodriguez v. City of New York,* 72 F.3d 1051, 1060-61 (2d Cir. 1995)). "[T]he non-moving party must offer sufficient proof to allow a reasonable factfinder to decide in its favor." *Mandell v. County of Suffolk & John Gallagher,* 316 F.3d 368, 377 (2d Cir. 2003).

Former section 321(a) of the INA states that a minor born outside the United States is entitled to United States citizenship upon "the naturalization of both parents . . . if . . . [s]uch naturalization takes place while such child is under the age of eighteen years, and . . . [s]uch child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized . . . ." 8 U.S.C. § 1432(a). Petitioner argues that this court's decision in *Poole* has established an exception whereby derivative citizenship should be granted when the last parent to file for citizenship submitted an N-400 Application for Naturalization ("N-400") before the child's eighteenth birthday, but, because of inexplicable administrative delay in processing the application, the parent was naturalized after the child's eighteenth birthday. *Poole,* 522 F.3d at 265. The holding in *Poole,* however, is inapplicable to petitioner's case.

In *Poole,* the BIA had not considered petitioner's claim to derivative citizenship, but rather dismissed his appeal as untimely filed. *Poole,* 522 F.3d at 262. We remanded petitioner's derivative citizenship claim for the BIA to consider whether a two-year delay in processing petitioner's mother's N-400, should be taken into account as "some basis for relieving [petitioner] of the requirement that his mother [be] naturalized prior to his eighteenth birthday." *Id.* at 265. We noted that Poole's mother applied for citizenship fifteen months before his eighteenth birthday. *Id.* at 266. "The record provides no indication why the Government took two years to process her application. A more expeditious processing, if completed within two years, would have provided [petitioner] with derivative citizenship." *Id.* at 265.[1]

Petitioner was born October 21, 1962. Petitioner's father was naturalized on May 5, 1977, when petitioner was fourteen. Petitioner's mother was naturalized on December 4, 1981, a year and two months after petitioner's eighteenth birthday. Construing the facts in the light most favorable to the petitioner, the earliest date on which petitioner's mother could be found to have applied for citizenship is July 2, 1980, one hundred and eleven days before petitioner's eighteenth birthday, and one year, five months and two days before the processing of her N-400 was complete and she became a citizen.

The BIA, in its order of June 2008, has already considered Gordon's arguments and has

_____

[1] Petitioner also relies upon *Lewis v. McElroy,* 294 Fed. Appx. 637 (2d Cir. 2008), a summary order in which we remanded the petitioner's claim of derivative citizenship to the BIA for further consideration because the petitioner's mother's citizenship application was approved one month prior to petitioner's eighteenth birthday, but where naturalization did not occur until four months later. While illustrative of how *Poole* has been applied, "[r]ulings by summary order do not have precedential effect." Local Rule 32.1.1(a).

correctly distinguished the instant facts from those in *Poole.* As the BIA noted, Poole's mother's application was filed fifteen months before his eighteenth birthday, both demonstrating her due diligence in pursuing citizenship in a timely way to benefit her son and making it more likely that Poole was disadvantaged by an unreasonable delay on the agency's part in processing the application. Here Gordon's mother's application was filed less than four months before he turned eighteen. We therefore cannot say here, as we did in *Poole,* that a "more expeditious processing, if completed within two years, would have provided the petitioner with derivative citizenship." *Poole,* 522 F.3d at 265. Even had the INS taken only four months to process petitioner's mother's N-400, petitioner would still be ineligible for derivative citizenship.

Also in contradistinction to *Poole,* where the BIA had not considered the petitioner's claim to derivative citizenship at all, here the BIA considered, and rejected, Gordon's claim that he was entitled to derivative citizenship through his mother. In rejecting that claim the BIA found no evidence to suggest that the four-month delay at issue was "untoward." Gordon has offered no rationale for our rejecting the BIA's conclusion, and there is no basis in the record or in common experience to suggest that four months is an unreasonably long time for processing a naturalization application.[2] While the jurisprudence of this Circuit permits, under certain limited circumstances, a remand to the BIA for reexamination of "what relief, if any, might be accorded . . . with respect to [a] claim to derivative citizenship," this is not one of those cases. *Poole,* 522 F.3d at 266.

_____

[2] *Lewis* is even less helpful to Gordon than *Poole,* since Lewis's mother's application was approved one month before his eighteenth birthday, and her swearing-in ceremony was delayed for no apparent reason. Gordon's mother's N-400 application for citizenship, in contrast, was not approved until well after his eighteenth birthday had passed.

Gordon having failed to adduce evidence suggesting that the BIA overlooked some factor bearing on the timing of his mother becoming a United States citizen, and the BIA having provided all the consideration that was due to Gordon's arguments, Gordon has no cognizable claim to United States citizenship under former section 321(a) of the INA. Having resolved that claim, we lack jurisdiction to consider any further the BIA's exercise of its *sua sponte* authority under 8 C.F.R. § 1003.2(a). The petition for review is hereby **DISMISSED.**

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk