13-712
Walker v. Holder

BIA
A018 566 067

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fourteen.

PRESENT:
>   CHESTER J. STRAUB,
>   RICHARD C. WESLEY,
>   DEBRA ANN LIVINGSTON,
>       *Circuit Judges*.

_____

JEFFREY A. WALKER, AKA PETER WALKER BROWN,

>   *Petitioner*,

>   v.                                              **13-712**

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

FOR PETITIONER:         **Jeffrey A. Walker, Pro Se, Kingston, Jamaica.**

FOR RESPONDENT:         **Stuart F. Delery, Assistant Attorney General;**
                        **Cindy S. Ferrier, Assistant Director; Timothy G.**
                        **Hayes, Trial Attorney, Office of Immigration**
                        **Litigation, United States Department of Justice,**
                        **Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED,

AND DECREED that the petition for review is DENIED.

Jeffrey A. Walker, pro se, a native and citizen of Jamaica, seeks review of a

January 16, 2013 order of the BIA denying his fifth motion to reopen his

deportation proceedings. *In re Jeffrey A. Walker*, No. A018 566 067 (B.I.A. Jan. 16,

2013). We assume the parties' familiarity with the underlying facts and

procedural history in this case.

Despite Walker's conviction for a firearms offense, we retain jurisdiction to

review questions of law, such as his claim to derivative citizenship. 8 U.S.C.

§ 1252(a)(2)(D); *Duarte-Ceri v. Holder*, 630 F.3d 83, 87 (2d Cir. 2010). Where a

petition presents a claim to citizenship, we determine whether material issues of

2

fact exist regarding citizenship, applying the same standards applied to summary judgment motions. *Agosto v. INS*, 436 U.S. 748, 754 (1978). Walker has the burden of establishing a prima facie case for derivative citizenship. *See id.* at 756.

Walker's claim is governed by former 8 U.S.C. § 1432(a), the derivative citizenship statute in effect in 1979, when his mother apparently naturalized. In dispute here is the statute's requirement that a parent naturalize before the child's eighteenth birthday. Walker argues that his case is analogous to *Poole v. Mukasey*, 522 F.3d 259 (2d Cir. 2008), in which we remanded for the BIA to consider a derivative citizenship claim because it appeared that the alien's mother applied for naturalization when Poole was sixteen, but the application was not processed until after he turned eighteen. *Id*. at 265-66.

However, *Poole* did not announce a rule that an alien is entitled to derivative citizenship if there was a delay in processing a naturalization application. Further, Walker did not establish that his mother applied for naturalization prior to his eighteenth birthday. His evidence consisted of a pre-sentence report stating that he was a U.S. citizen, which has no bearing on his actual citizenship status since it was prepared by the Probation Office; his prison identification card, which contains no information about his citizenship; and his

3

own uncorroborated affidavit. He thus failed to meet his burden of proof. *Nwozuzu v. Holder*, 726 F.3d 323, 332 (2d Cir. 2013).

Walker submitted additional evidence to this Court, but we are precluded from reviewing it. 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based . . . ."). Even if we were to consider the new evidence, it would not establish a prima facie case for derivative citizenship.

We have considered the remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the petition is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4