*Persaud v. Sessions*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
          SUSAN L. CARNEY,
                    *Circuit Judges,*
          VALERIE E. CAPRONI,
                    *District Judge.** 

---

BHISHAM PERSAUD, AKA BHISAHM PERSAUD,

     *Petitioner,*               17-379

     v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

     *Respondent.*

---

**FOR PETITIONER:**            Thomas V. Massucci, New York, NY.

**FOR RESPONDENT:**         Chad A. Reader, Principal Deputy Assistant Attorney General; Katherine A. Clark, Senior Litigation Counsel; Nancy Kwang Canter, Trial Attorney, Office of Immigration

---

* Judge Valerie E. Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

Litigation, United States Department of Justice, Washington, DC.

Petition for review of an order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Bhisham Persaud seeks review of a January 13, 2017, decision of the BIA affirming a September 30, 2015, decision of an Immigration Judge ("IJ") ordering his removal to Guyana. *In re Bhisham Persaud,* No. A041 926 549 (B.I.A. Jan. 13, 2017), *aff'g* No. A041 926 549 (Immig. Ct. N.Y. City Sept. 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We retain jurisdiction to review Persaud's citizenship claim despite his aggravated felony conviction underlying his removal order. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Gil v. Sessions,* 851 F.3d 184, 186 & n.1 (2d Cir. 2017). We review the question of derivative citizenship *de novo.* 8 U.S.C. § 1252(b)(5)(A); *Gil,* 851 F.3d at 186.

Persaud's claim to derivative citizenship is governed by the provision in effect at the time he turned eighteen. *See Ashton v. Gonzales,* 431 F.3d 95, 97 (2d Cir. 2005). This provision, former 8 U.S.C. § 1432(a), provides, in pertinent part, that "[a] child born outside of the United States of alien parents . . . becomes a citizen of the United States upon . . . [t]he naturalization of both parents; . . . while such child is under the age of eighteen years; . . . and [s]uch child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized." *Langhorne v. Ashcroft,* 377 F.3d 175, 177-78 (2d Cir. 2004) (alternations omitted) (quoting 8 U.S.C. § 1432 (repealed by Child Citizenship Act of 2000, Title I, § 103(a), 114 Stat. 1632)).

Persaud concedes that he does not meet all the above requirements because his father was naturalized after he turned eighteen. Instead, he relies on *Poole v. Mukasey,* in which we remanded to the agency to consider whether there was a "basis for relieving Poole of the requirement that his mother was naturalized prior to his eighteenth birthday" given that "[s]he applied for citizenship when he was 16" and that "[t]he record provide[d] no indication why the Government took two years to process her application." 522 F.3d 259, 265 (2d Cir. 2008).

As the Government argues, the Supreme Court's decision in *INS v. Pangilinan* likely precludes both federal courts and the agency from granting citizenship on an equitable basis where the alien has not fulfilled the statutory requirements for citizenship. 486 U.S. 875 (1988). The Supreme Court reversed an equitable grant of naturalization and held that persons may only obtain citizenship under the conditions prescribed by Congress. *Id.* at 883-84; *see also Hizam v. Kerry,* 747 F.3d 102, 110 (2d Cir. 2014) ("Courts cannot grant citizenship through their equitable powers.").

2

Even assuming that we or the agency have the ability to grant derivative citizenship *nunc pro tunc*, Persaud has not established that such relief is warranted in this case, because he has not shown "affirmative misconduct" in the processing of his application. *INS v. Miranda*, 459 U.S. 14, 17 (1982). To the contrary, the record reflects that the agency's delay was partially attributable to Persaud's father's failure to disclose a traffic offense on his naturalization application and the time it took for him to obtain documentation to resolve the issue. *See id.* at 18 ("The only indication of negligence is the length of time that the INS took to process respondent's application. Although the time was indeed long, we cannot say in the absence of evidence to the contrary that the delay was unwarranted.").

## CONCLUSION

We have considered Persaud's remaining arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**, and the stay of removal previously granted is **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3