09-1865-ag
Coulbourne v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

Present:
ROBERT A. KATZMANN,
PETER W. HALL,
        *Circuit Judges*,
JED S. RAKOFF,
        *District Judge*.[*]

_____

RYAN DAMION COULBOURNE,

        *Petitioner*,

        v.                                                No. 09-1865-ag

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

        *Respondent*.[**]

_____

_____

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption as set forth above.

For Petitioner:                    NANCY E. MARTIN, Collins & Martin, P.C., Wethersfield, CT

For Respondent:                    ZOE J. HELLER, Trial Attorney (Tony West, Assistant Attorney General, Lyle D. Jentzer, Senior Litigation Counsel, *of counsel*), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **GRANTED**.

Ryan Coulbourne, a native and citizen of Jamaica, seeks review of an April 3, 2009 order of the BIA affirming the December 17, 2008 decision of Immigration Judge ("IJ") Michael W. Straus, which denied Coulbourne's motion to terminate removal proceedings against him and ordered that he be removed to Jamaica. *In re Ryan Damion Coulbourne*, No. A041 457 839 (BIA Apr. 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In *Poole v. Mukasey*, 522 F.3d 259 (2d Cir. 2008), under circumstances almost identical to those presented in this case, we remanded the petitioner's case to the BIA "for consideration of what relief, if any, might be accorded to Poole with respect to his claim for derivative citizenship." *Id.* at 266. In this case, the BIA distinguished *Poole*, finding that the record indicates the reason for the delay in processing the naturalization application of the petitioner's father, Keith, whereas in *Poole* no such information was available. In doing so, however, the BIA engaged in improper fact-finding. "For appeals filed with the BIA after September 25, 2002, the BIA may only review the IJ's factual findings to determine whether they are clearly

2

erroneous, and may not engage in fact-finding, other than taking administrative notice of commonly known facts." *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) (per curiam). Here, the IJ specifically found that he could not determine from the record whether there was a causal link between Keith's failure to list his prior arrests on his initial naturalization application and the agency's delay in processing his application. The BIA, in coming to the opposite conclusion, thus went beyond the appropriate scope of its review of the IJ's decision.[1]

When the BIA fails to apply a deferential standard to the IJ's findings of fact, it commits legal error, and remand is appropriate. *See Fen Yong Chen v. Bureau of Citizenship & Immigration Servs.*, 470 F.3d 509, 515 (2d Cir. 2006). In remanding, we further note that the BIA's improper fact-finding was directly relevant to its legal conclusion that the reasoning of *Poole* did not apply and that, accordingly, it did not have occasion to consider what relief might be available to Coulbourne.[2]

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] We also note that the BIA incorrectly characterized Keith's arrests as "convictions."

[2] We take this opportunity to encourage the BIA to consider, in an appropriate case, issuing a precedential opinion addressing the concerns we raised in *Poole*.

3