11-240-ag
Coulbourne v. Holder

BIA
A041 457 839

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand and eleven.

PRESENT:
PETER W. HALL,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges*.

_____

RYAN DAMION COULBOURNE, AKA RYAN
COULBOURNE,
*Petitioner*,

v.                                                                     No. 11-240-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:          Nancy E. Martin, Collins & Martin, P.C., Wethersfield, CT

FOR RESPONDENT:          Tony West, Assistant Attorney General; Allen W.
                         Hausman, Senior Litigation Counsel; Christina Bechak
                         Parascandola, Trial Attorney, Office of Immigration
                         Litigation, United States Department of Justice,
                         Washington D.C.

_____

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ryan Damion Coulbourne, a native and citizen of Jamaica, seeks review of a January 18, 2011, order of the BIA dismissing his claim of derivative United States citizenship. *In re Ryan Damion Coulbourne*, No. A041 457 839 (B.I.A. Jan. 18, 2011). The BIA issued its decision and order on remand from this Court, which granted Coulbourne's previous petition for review. *See Coulbourne v. Holder*, 372 F. App'x 156 (2d Cir. 2010) (unpublished summary order).

Coulbourne argues that the BIA erred by concluding first that it does not have the power to grant derivative citizenship *nunc pro tunc* and second, that even if it had such authority, *nunc pro tunc* relief was unwarranted because he could not demonstrate that the government had engaged in affirmative misconduct. Finally, he contends that independent of the agency, this Court has the authority to grant derivative citizenship *nunc pro tunc*. We need not decide here whether we or the BIA have the equitable authority to grant such relief because, like the BIA, we conclude that Coulbourne has not presented evidence that the agency's delay in processing his father's naturalization application amounts to legal error. Accordingly, the BIA did not err in concluding that this would not be an appropriate case for the exercise of any such authority. *See generally INS v. Miranda*, 459 U.S. 14, 19 (1982) (per curiam); *Iouri v. Ashcroft*, 464 F.3d 172,

181-82 (2d Cir. 2006); *Edwards v. INS*, 393 F.3d 299, 308-10 (2d Cir. 2004).  The petition for

review is therefore DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK