08-4862-ag
Poole v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand and ten.

Present:     RALPH K. WINTER,
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
                       Circuit Judges.

_____

RODWELL ARLIE ANTHONY POOLE,

                                                    Petitioner,

            -v-                                      (08-4862-ag)

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[1]

                                                    Respondent.

_____

Appearing for Petitioner:    Jennifer Oltarsh, Oltarsh & Associates, P.C., New York, NY

Appearing for Respondent:    Jem Sponzo, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

_____

[1] Eric H. Holder, Jr., is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Rodwell Poole ("petitioner" or "Poole") files this petition for review of a September 16, 2008 decision and order of the Board of Immigration Appeals ("BIA") that dismissed his claim of derivative United States citizenship. The BIA issued its decision and order on remand from the Second Circuit, which previously found Poole's petition for review time-barred except with respect to his claim of derivative citizenship. See Poole v. Mukasey, 522 F.3d 259 (2d Cir. 2008).

Petitioner argues that the BIA incorrectly held that it does not have the power to grant derivative citizenship nunc pro tunc. Even assuming arguendo that the BIA does have this power, however, petitioner has presented no evidence that the delay in processing his mother's naturalization application was "untoward" or that his mother took any action to expedite the application in light of petitioner's age. See also Calix-Chavarria v. Att'y General, 182 Fed. Appx. 72, 76 (3d Cir. 2006) (noting circumstances in which it might be appropriate to grant derivative citizenship nunc pro tunc).[2] We therefore DENY the petition for review. The previously granted stay of deportation is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] The government has presented a naturalization application that purports to establish that petitioner's mother applied for naturalization after petitioner's eighteenth birthday, making him ineligible for derivative citizenship even were the BIA to possess nunc pro tunc power to grant it. As the naturalization application is not in the administrative record, we do not consider it. See 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").