09-1550-ag
Anderson v. Holder

BIA
Sagerman, IJ
A 042 467 617

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
               *Circuit Judges*.

_____

FLOYD MCAURTHER ANDERSON,
        *Petitioner*,

      v.                  09-1550-ag
                             NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:     Jennifer Oltarsh, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Floyd McAurther Anderson, a native and citizen of Jamaica, seeks review of the March 17, 2009, order of the BIA affirming the November 5, 2008, decision of Immigration Judge ("IJ") Roger Sagerman denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Floyd McAurther Anderson*, No. A 042 467 617 (B.I.A. Mar. 17, 2009), *aff'g* No. A 042 467 617 (Immig. Ct. N.Y. City Nov. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Under 8 U.S.C. § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered" by INA § 237(a)(2)(A)(iii) or (B). The agency found Anderson removable under INA § 237(a)(2)(A)(iii) and

2

(a)(2)(B)(i) based on his convictions for the attempted sale and possession of cocaine. Therefore, we are without jurisdiction to review the agency's final order of removal, except to the extent that Anderson's petition raises "constitutional claims or questions of law." *See* 8 U.S.C. § 1252(a)(2)(D).

Anderson argues that the BIA committed legal error by failing to consider his eligibility for equitable relief. This is a question of law sufficient to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Ilyas Khan v. Gonzales*, 495 F.3d 31, 35 (2d Cir. 2007). Nevertheless, his claim is without merit. Anderson did not derive U.S. citizenship through his mother's naturalization because he was not "under the age of eighteen years" at the time she was naturalized. *See* 8 U.S.C. § 1432(a) (repealed 2000).[1] Furthermore, contrary to Anderson's argument, the BIA did not err in declining to grant him *nunc pro tunc* relief due to the government's delay in processing his mother's naturalization application. Anderson presented no evidence that the delay was untoward or that his mother took any

---

[1] The law that applies to Anderson is the law in effect at the time he turned eighteen on June 17, 1999. *See Langhorne v. Ashcroft*, 377 F.3d 175, 178-79 (2d Cir. 2004).

3

action to expedite the application in light of his age at the time. *See Drozd v. INS*, 155 F.3d 81, 90 (2d Cir. 1998) (holding that the doctrine of equitable estoppel is not available against the government "except in the most serious of circumstances"); *Rojas-Reyes v. INS*, 235 F.3d 115, 126 (2d Cir. 2000) (holding that "estoppel will only be applied upon a showing of 'affirmative misconduct' by the government"); *INS v. Miranda*, 459 U.S. 14, 19 (1982) (holding that delays by the government in processing an immigration application did not qualify as affirmative misconduct).[2]

With respect to Anderson's challenge to the agency's denial of CAT relief, he essentially disputes the correctness of the IJ's fact-finding by asserting that the IJ incorrectly concluded that he would not be subjected to torture as retaliation for his uncle's political activities. We are without jurisdiction to consider this factual challenge. 8 U.S.C. § 1252(a)(2)(C). Even if we had jurisdiction to

---

[2] To the extent Anderson relies on *Poole v. Mukasey,* 522 F.3d 259, 266 (2d Cir. 2007), we recently upheld the BIA's denial of *nunc pro tunc* relief in that case, which presented a similar factual background. *See Poole v. Holder*, 2010 WL 323575 at *1 (2d Cir. January 29, 2010) (unpublished order).

reach his arguments, Anderson does not dispute the IJ's findings that: (1) he could safely relocate within Jamaica; and (2) the background evidence, including the 2007 State Department Report on Jamaica, indicated that members of the People's National Party are not systematically targeted for torture.  *See* 8 C.F.R. § 1208.16(c)(3)(ii) (discussing internal relocation)*; see also Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) (holding that State Department reports are "probative" and reliable evidence of background conditions).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk