Leslie v. Holder

BIA
Nelson, IJ
A044 845 427

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of August, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

KERRY RONALD LESLIE, AKA
KERRY R. LESLIE, AKA KERRY LESLIE,
> *Petitioner,*

> v.                                          10-1166

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      KERRY RONALD LESLIE, *pro se*, Batavia, NY.

FOR RESPONDENT:      JESI J. CARLSON (Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Karen Y. Stewart, Attorney, *on the brief*), Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kerry Ronald Leslie, a native and citizen of Jamaica, seeks review of the March 5, 2010, order of the BIA affirming the January 4, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his motion to reopen. *In re Kerry Ronald Leslie*, No. A044 845 427 (B.I.A. Mar. 5, 2010), *aff'g* No. A044 845 427 (Immig. Ct. N.Y. City Jan. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I. Motion to Rescind**

We review the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The agency's regulations provide that "[a]n order entered in absentia in

deportation proceedings may be rescinded only upon a motion to reopen filed . . . [w]ithin 180 days after the date of the order of deportation if the alien demonstrated that the failure to appear was because of exceptional circumstances beyond the control of the alien . . . or . . . [a]t any time if the alien demonstrates that he or she did not receive notice."  8 C.F.R. § 1003.23(b)(4)(iii)(A)(1)-(2); *see also* 8 U.S.C. § 1229a(b)(5)(C).

Leslie's motion to rescind based on exceptional circumstances was indisputably untimely, as he filed it in December 2009, well beyond 180 days after his July 2007 *in absentia* removal order; and the agency reasonably found that Leslie received notice of his July 2007 hearing.  Aside from his conclusory assertion that he was not aware of the date of his July 2007 hearing, Leslie does not present any challenge to the agency's finding that he did receive notice of that hearing, and the record reveals that he was personally served notice, orally and in writing, at a hearing before the IJ in December 2006.  Accordingly, the agency did not abuse its discretion in denying Leslie's motion to rescind his *in absentia* removal order.

**II.  Sua Sponte Reopening & Derivative Citizenship**

In general, we lack jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* pursuant to 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary."  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  While we retain jurisdiction when the BIA declines to exercise its *sua sponte* authority based on a misperception of the law*, see Mahmood v. Holder*, 570 F.3d 466, 469-71 (2d Cir. 2009), in the present case, the BIA stated that it declined to exercise its *sua sponte* authority because Leslie did not demonstrate an exceptional situation warranting reopening.  Because Leslie did not present any evidence supporting his claims of citizenship or eligibility for cancellation of removal, the BIA's decision to decline to exercise its *sua sponte* authority was based on agency regulations and BIA precedent, and not a misperception of the law.

However, despite the lack of agency error, Leslie has raised a non-frivolous claim of U.S. citizenship that merits consideration.  Because the Executive Branch has "no authority to remove citizens," a claim of United States citizenship is "a denial of an essential jurisdiction fact

4

in a deportation proceeding" that places the propriety of the entire proceeding into doubt until resolved. *Poole v. Mukasey*, 522 F.3d 259, 264 (2d Cir. 2008). Thus, the determination of whether Leslie can properly be removed pursuant to the agency's decision declining to rescind Leslie's *in absentia* removal order requires a determination as to whether Leslie is a U.S. citizen.

Leslie's mother's affidavit asserts that Leslie derived U.S. citizenship either through his mother's naturalization in 2000, or through adoption by his U.S. citizen stepfather. Because Leslie was born in September 1978, whether he derived U.S. citizenship through his mother's naturalization is governed by former INA § 321(a). *See Drakes v. Ashcroft*, 323 F.3d 189, 190 (2d Cir. 2003). That section provided, in relevant part, that a child born outside the United States of alien parents becomes a citizen following the naturalization of one parent, if the other parent is deceased and, relevant here, if the parent's naturalization takes place while the child is under 18 years of age. Leslie states that his father was killed in 1994, and Leslie's mother advises that she submitted her application for naturalization in April 1996, approximately five months prior to Leslie's eighteenth birthday. She claims that a

5

delay in processing her citizenship application was caused by a failure of the former Immigration and Naturalization Service ("INS"). However, there is no record evidence as to when the INS approved her application for naturalization, and multiple steps are required to achieve naturalization after an application is submitted. The timing of several of those steps is dependent upon the applicant, not the government. Accordingly, Leslie has not shown that there was any undue delay on the part of the INS in approving the naturalization application that would allow him to derive citizenship based on his mother's naturalization, which occurred after his eighteenth birthday. *Cf. Poole*, 522 F.3d at 265-66 (recognizing possible legal basis for relieving petitioner of timing requirement for mother's naturalization where evidence showed that petitioner's mother filed her application for naturalization fifteen months prior to his eighteenth birthday, and that the application was granted two years after it was filed).

Furthermore, Leslie did not derive citizenship through his U.S. citizen stepfather. Leslie has submitted an affidavit from his mother indicating that she married a U.S. citizen, Donald Poe, in 1990, and that Leslie resided with them after his father was killed, as well as a letter from

6

Poe stating that he adopted Leslie. Leslie may have become a citizen on that basis only if: Poe adopted Leslie before Leslie's sixteenth birthday; Leslie resided with Poe for at least two years prior to his eighteenth birthday; and a citizenship application was submitted based on the adoption before Leslie's eighteenth birthday. *See* Former 8 U.S.C. §§ 1101(b)(1)(E), (F), 1433(a), prior to amendment on Oct. 30, 2000. Because Leslie did not enter the United States and begin residing with his mother and Poe until December 1994, he did not live with Poe for the requisite two years prior to his eighteenth birthday in September 1996. Accordingly, even if Poe legally adopted Leslie before his sixteenth birthday—as to which there is no conclusive evidence—he did not acquire U.S. citizenship through that adoption.

For the foregoing reasons, the petition for review is DENIED, and Leslie's pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7