**Earl Abel MARTINEZ, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 07–5050–ag.

United States Court of Appeals, Second Circuit.

Dec. 23, 2008.

Petitioner pro se.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Christopher P. Mcgreal, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. WALKER, Circuit Judges.

### SUMMARY ORDER

Earl Abel Martinez, a native and citizen of the Dominican Republic, seeks review of a November 5, 2007 order of the BIA affirming the August 1, 2007 order of Immigration Judge ("IJ") Roger F. Sagerman, finding that he had abandoned his opportunity to file for relief under the Convention Against Torture ("CAT"). *In re Earl Abel Martinez,* No. A44 132 988 (B.I.A. Nov. 5, 2007), *aff'g* No. A44 132 988 (Immig. Ct. Fishkill Aug. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ We lack jurisdiction to review any of Martinez's arguments. Because Martinez is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii) (relating to convictions for aggravated 2 felonies), we lack jurisdiction to review the agency's factual findings and discretionary determinations, including any challenge to the agency's conclusion that he abandoned his opportunity to apply for CAT relief. *See* 8 U.S.C. § 1252(a)(2)(C). Although we retain jurisdiction to review constitutional claims and questions of law, *See* 8 U.S.C. § 1252(a)(2)(D), Martinez's challenge to the BIA's decision raises no such argument.

■ Further, we are without jurisdiction to review Martinez's ineffective assistance of counsel and derivative citizenship claims because he did not raise those claims before the agency. 8 U.S.C. § 1252(d)(1) (We "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right."). While we held in *Poole v. Mukasey,* 522 F.3d 259, 264 (2d Cir.2008), that "[t]he statutory administrative exhaustion requirement of § 1252(d)(1) does not apply to a person with a non-frivolous claim to U.S. citizenship," Martinez's derivative citizenship claim is frivolous because the IJ found that neither of his parents were citizens, and that finding was never challenged. Martinez does not point to anything in the record that would suggest any error in the IJ's finding that he not a U.S. citizen. Therefore, because Martinez's derivative citizenship claim is "patently frivolous," we lack jurisdiction to review it. *Minasyan v. Gonzales,* 401 F.3d 1069, 1075 (9th Cir. 2005).

954

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).