Vaval v. Holder

BIA
Page, IJ
A029 524 074

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of July, two thousand eleven.

PRESENT:
>GUIDO CALABRESI,
>GERARD E. LYNCH,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

JEAN PATRICK VAVAL, a.k.a. PATRICK J. VAVAL, a.k.a. PATRICK SHERISKA, a.k.a. JEAN VAVAE,
>*Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

10-1956-ag
NAC

FOR PETITIONER: Fay Y. Parris, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Kohsei Ugumori, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jean Patrick Vaval, a native and citizen of Haiti, seeks review of an April 15, 2010, order of the BIA affirming immigration judge ("IJ") Alan Page's November 25, 2009, denial of his application for deferral of removal under the Convention Against Torture ("CAT").  *In re Jean Patrick Vaval*, No. A029 524 074 (B.I.A. April 15, 2010), *aff'g* No. A029 524 074 (Immig. Ct. N.Y. City Nov. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review any final order of removal against an alien who is removable by reason of having been convicted of an aggravated felony.  Although we have never expressly held that this jurisdictional bar applies to claims for deferral of removal under the CAT, we have assumed, without discussion, that it is indeed applicable to such claims. *See De La Rosa v. Holder*, 598 F.3d 103, 107 (2d Cir. 2010); *see also Poole v. Mukasey*, 522 F.3d 259, 262 (2d Cir. 2008). Thus, because Vaval was found removable as an aggravated

felon, we find, as we did in *Poole*, that we lack jurisdiction to consider his challenge to the agency's denial of his claim for deferral of removal. *See* 8 U.S.C. § 1252(a)(2)(C); *see also Poole*, 522 F.3d at 262.

Notwithstanding 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to consider any "constitutional claims or questions of law" raised in a petition for review. *See* 8 U.S.C. § 1252(a)(2)(D). Here, Vaval argues that the agency erred by failing to consider evidence in the record, specifically (1) country conditions evidence documenting human rights abuses in Haiti; (2) the testimony and supporting documentation of his expert witness, Michelle Karshan; and (3) a medical report documenting his preexisting injuries. However, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). In any event, both the BIA and the IJ

3

explicitly considered the above-cited evidence in finding that Vaval failed to establish his eligibility for deferral of removal. Thus, Vaval's challenge to the agency's decision is "essentially a quarrel about fact-finding or the exercise of discretion" rather than a constitutional or legal claim. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008). Accordingly, we lack jurisdiction to consider his petition for review. *See* 8 U.S.C. § 1252(a)(2)(C) and (D); *Poole*, 522 F.3d at 262.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4