14-2791-ag
Dussard v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
            REENA RAGGI,
                 *Circuit Judges*,
            KIYO A. MATSUMOTO,
                 *District Judge.* *

------------------------------------------------------------------------
JERMAINE HORATIO DUSSARD, A.K.A. KEVIN DUSSARD, A.K.A. KEVIN ADAMS, A.K.A. JERMAINE HENRY, A.K.A. JERMAINE K. DUSSARD, A.K.A KEVIN ADAM, A.K.A. DAVID KEVIN YOUNGER, A.K.A. MICHAEL JAMEL GASTON,
                              *Petitioner*,

                    v.                                    No. 14-2791-ag

LORETTA E. LYNCH, United States Attorney General,
                              *Respondent*.
------------------------------------------------------------------------

---

\* The Honorable Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PETITIONER:                    Naresh M. Gehi, Gehi & Associates, Forest
                                   Hills, New York.

FOR RESPONDENT:                    Benjamin C. Mizer, Principal Deputy Assistant
                                   Attorney General; John S. Hogan, Assistant
                                   Director; David H. Wetmore, Trial Attorney,
                                   Office of Immigration Litigation, United States
                                   Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED that the petition for review of the order of the Board of Immigration
Appeals ("BIA") dated June 5, 2014, is DENIED.

Jermaine Horatio Dussard, a citizen of Jamaica, petitions for review of a BIA
order affirming the January 31, 2014 decision of an Immigration Judge ("IJ") ordering
Dussard's removal to Jamaica. See In re Jermaine Horatio Dussard, No. A037 332 033
(B.I.A. June 5, 2014), aff'g No. A037 332 033 (Immig. Ct. N.Y.C. Jan. 31, 2014).
Dussard contends that the agency erred in concluding that he failed to establish United
States citizenship derived from his mother's naturalization in 1990. We assume the
parties' familiarity with the underlying facts and procedural history in this case, which we
reference only as necessary to explain our decision to deny the petition.

1.      Standard of Review

Despite Dussard's conviction for an aggravated felony and a controlled substance
offense, we retain jurisdiction to review de novo questions of law, such as Dussard's
claim to derivative citizenship. See 8 U.S.C. § 1252(a)(2)(D); Morales-Santana v. Lynch,
792 F.3d 256, 260 (2d Cir. 2015). "If the petitioner claims to be a national of the United

2

States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). Here, the BIA's opinion closely tracks the IJ's opinion and, accordingly, in considering Dussard's claim for derivative citizenship we have considered both opinions "for the sake of completeness." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006).

2.      Dussard Has Failed To Establish Derivative Citizenship

Jamaican-born Dussard argues that he acquired derivative citizenship upon his mother's naturalization pursuant to 8 U.S.C. § 1432(a), which, as relevant here, affords foreign-born children automatic U.S. citizenship upon: (1) "the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation," (2) "if . . . [s]uch naturalization takes place while such child is under the age of eighteen years," and (3) "[s]uch child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent." 8 U.S.C. § 1432(a)(3)–(5) (repealed 2000).[1] The only dispute under these statutory requirements is whether Dussard's paternity has been established by

_____

[1] Although former § 1432(a) was repealed by the Child Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat. 1631 (2000), it nonetheless governs this petition because, in determining whether an alien has obtained derivative citizenship, we apply the law in effect at the time the petitioner "fulfilled the last requirement for derivative citizenship." Ashton v. Gonzales, 431 F.3d 95, 97 (2d Cir. 2005). Here, Dussard's claim of derivative citizenship is based on his mother's naturalization in 1990, at which time he was under the age of eighteen.

3

legitimation under Jamaican law. See Poole v. Mukasey, 522 F.3d 259, 265 n.3 (2d Cir. 2008) ("Legitimacy is determined by the law of the country in which [petitioner] was born.").

The IJ and BIA correctly concluded that Dussard's paternity was established by legitimation when his mother married Roy Dussard. As the BIA has previously explained, under Jamaican law, "a child born out of wedlock in Jamaica . . . [is] the 'legitimated' child of his biological father . . . upon proof that the [father] was married to the child's biological mother at some point after the child's birth." In re Hines, 24 I. & N. Dec. 544, 548 (B.I.A. 2008), overruled on other grounds by In re Cross, 26 I. & N. Dec. 485, 490 (B.I.A. 2015) (maintaining Hines's holding that "for derivative citizenship purposes [under former § 1432], paternity could be established by legitimation only through the affirmative act of parental marriage"). It is undisputed that Dussard's mother married Roy Dussard in 1980, five years after Dussard was born. Although Dussard contends that this marriage could not legitimate his paternity because it was too remote in time from his birth, he provides no basis under Jamaican law for distinguishing legitimation based on the timing of the marriage. Accordingly, Dussard has failed to demonstrate that his paternity has not been established by legitimation, as required under former § 1432(a)(3).

In urging otherwise, Dussard argues that there is a genuine issue of material fact as to his paternity because Roy Dussard was not listed as petitioner's father on his birth certificate. We are not persuaded. It is undisputed that Dussard's birth certificate

4

indicates that he shares Roy Dussard's last name, rather than the last name of his mother, Juliet Tyrell. Moreover, Dussard does not dispute that Roy Dussard is the father of Dussard's older and younger siblings although Roy Dussard is not listed as the father on their birth certificates. Thus, the fact that Roy Dussard is not listed as Dussard's father on his birth certificate is insufficient to raise a genuine issue of material fact as to Dussard's paternity.

This conclusion is only reinforced by other record support of Dussard's paternity: (1) Dussard, his siblings, and his paternal grandmother (as well as the preparer of his visa application and his U.S. high school transcript) believed that Roy Dussard was petitioner's father for the first thirty-eight years of Dussard's life, (2) Dussard lived with Roy Dussard and/or Roy Dussard's mother for six years in Jamaica, (3) Dussard moved to the United States with Roy Dussard, (4) Dussard lived with Roy Dussard in the United States for at least six months, and (5) Dussard's mother remains married to Roy Dussard and purchased a house with him in 2009. To the extent Dussard's mother asserts that she informed petitioner, for the first time in 2013, that a man named Franklin might be his father, the IJ acted within his discretion in finding Dussard's mother not credible, particularly given her admission to having lied under oath regarding the termination of the relationship with Roy Dussard to assist her son in his attempt to naturalize. See Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir. 2007) ("We have frequently . . . held [that] an IJ's application of the maxim falsus in uno, falsus in omnibus [false in one thing, false

5

in everything] may at times be appropriate." (internal quotation marks and citation omitted)).

Accordingly, because Dussard was legitimated under Jamaican law by the marriage of his mother and Roy Dussard, and Dussard has otherwise failed to raise a genuine issue of material fact regarding paternity, we identify no legal error in the agency's conclusion that Dussard did not qualify for citizenship under 8 U.S.C. § 1432(a)(3)–(5).

3.    Conclusion

We have considered Dussard's remaining arguments and conclude that they are without merit.  The petition for review of the BIA's June 5, 2014 order of removal is therefore DENIED.  As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court