Ramos Carrillo v. Bondi

BIA
Lazare-Raphael, IJ
A220 191 196/195

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-five.

PRESENT:
>  PIERRE N. LEVAL,
>  MICHAEL H. PARK,
>  MYRNA PÉREZ,
>   *Circuit Judges.*

_____

ALEXIS FERNANDO RAMOS CARRILLO, T.A.R.L.,

>  *Petitioners,*

>  v.                                                                   **23-6999**

>                                                                        NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

>  *Respondent.***

_____

---

\* The Clerk of Court is respectfully directed to amend the official caption as set forth above to abbreviate the name of Petitioner Ramos Carrillo's minor child.

**FOR PETITIONERS:**	Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**	Brian M. Boynton, Principal Deputy Assistant Attorney General; Holly M. Smith, Assistant Director, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Alexis Fernando Ramos Carrillo and his minor child, natives and citizens of Ecuador, seek review of a decision of the BIA summarily dismissing as untimely their appeal of a decision of an immigration judge ("IJ"). *In re Alexis Fernando Ramos Carrillo, et al.*, Nos. A220 191 196/195 (B.I.A. Aug. 3, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed only the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's dismissal of an appeal as untimely for abuse of discretion, *see Khan v. U.S. Dep't of Just.*, 494 F.3d 255, 259–60 (2d Cir. 2007), but "[w]e review its legal conclusions de novo," *Attipoe v. Barr*, 945 F.3d 76, 80 (2d Cir. 2019).

2

The notice of appeal from an IJ's decision "shall be filed directly with the [BIA] within 30 calendar days after the stating of an [IJ]'s oral decision or the mailing or electronic notification of an [IJ]'s written decision." 8 C.F.R. § 1003.38(b); *see also Attipoe*, 945 F.3d at 79. Petitioners' June 2023 appeal to the BIA was thus untimely, as it was filed more than 30 days after the IJ's October 2022 decision. The BIA dismissed their appeal on that basis, finding that Petitioners' inability to pay the filing fee did not warrant an extension because a fee waiver was available. Cert. Admin. R. at 3; *see* 8 C.F.R. § 1003.8(a)(3). And in their brief here, Petitioners do not challenge the BIA's summary dismissal of the appeal as untimely. Accordingly, we deny the petition because they have abandoned the only issue properly before us. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

As the Government contends, Petitioners' arguments about the merits of the IJ's denial of asylum and related relief are unexhausted because no timely appeal was taken to the BIA. *See Poole v. Mukasey*, 522 F.3d 259, 264 (2d Cir. 2008) (concluding that "a late appeal to the BIA leaves a petitioner's claim

3

unexhausted"), *abrogated on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023) (holding that exhaustion requirement in 8 U.S.C. § 1252(d)(1) is not jurisdictional); *see also Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reiterating that issue exhaustion is mandatory where the Government raises it).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court