**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2034
_____

GLENROY ALPHONSO DEER,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A038-574-604)
Immigration Judge:  Honorable Daniel A. Morris

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2019
Before:  KRAUSE, MATEY, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Glenroy Alphonso Deer, a citizen of Jamaica who is proceeding pro se, petitions for review of two orders issued by the Board of Immigration Appeals (BIA). For the following reasons, we will deny the petition for review in part and dismiss it in part.

Deer was admitted to the United States as an immigrant in 1984, but he was deported in 1993 for having been convicted in New Jersey state court of a controlled substance violation and a firearms offense.[1] See 8 U.S.C. § 1251(a)(2)(B)(i) (recodified as 8 U.S.C. § 1227(a)(2)(B)(i)) & § 1251(a)(2)(C) (recodified as 8 U.S.C. § 1227(a)(2)(C)). Deer illegally reentered the United States and, in 2013, the Department of Homeland Security reinstated the prior order of deportation. Deer filed a motion to reopen with the BIA, claiming that he received ineffective assistance of counsel during the initial deportation proceedings. The BIA denied the motion as untimely, concluded that Deer had not met the procedural requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), and found that Deer had not acted diligently or established prejudice. It therefore refused to exercise its authority to reopen sua sponte.

Deer next filed a motion to reconsider, which the BIA denied on February 26, 2016. The Board stated that Deer's "motion persuades of no error in [the previous] determination that [Deer] did not establish a claim of ineffective assistance of counsel, nor did he warrant sua sponte reopening." With respect to Deer's submission of evidence

---

[1] In 1987, Deer was convicted in New Jersey state court of possession with intent to distribute a controlled substance. See N.J.S.A. § 24:21-19a(1). Two years later, he was convicted in the same court of unlawful possession of a handgun, see N.J.S.A. § 2C:39-5b, and possession of weapon for an unlawful purpose, see N.J.S.A. § 2C:39-4a.

to establish that he had since complied with the Lozada requirements, the BIA concluded that a motion to reconsider was not a proper vehicle for introducing evidence and that, in any event, the evidence did not affect the determination that reopening was not warranted.

Meanwhile, Deer expressed a fear of returning to Jamaica. Accordingly, his case was referred to an Immigration Judge for "withholding only" proceedings. See 8 C.F.R. § 1208.31(e). Deer testified in support of his claims. The Immigration Judge determined that Deer was ineligible for asylum because he was subject to a reinstated order of deportation, see 8 C.F.R. § 1208.31(g)(2)(i), and for withholding of removal because his firearms conviction under § 2C:39-4a constituted a particularly serious crime, see INA § 241(b)(3)(B)(ii). But the IJ granted Deer's application for deferral of removal under the Convention Against Torture based on his claim that he will be tortured in Jamaica because of his sexual orientation. Deer appealed, arguing that, under Alaka v. Attorney General, 456 F.3d 88, 105 (3d Cir. 2006), his firearms conviction could not be considered a particularly serious crime because it is not an aggravated felony. On April 12, 2017, the Board dismissed the appeal, specifically declining to follow Alaka. Instead, the Board applied its contrary holding in In re N-A-M-, where it held that an alien's crime need not be an aggravated felony to be considered a particularly serious crime. 24 I. & N. Dec. 336, 337 (BIA 2007). The Board further agreed with the IJ that § 2C:39-4a "inherently involves risk of injury to others," that Deer "pulled out the gun, as opposed to [his claim that] it [fell] out of his waistband," and that Deer was convicted by a jury and

3

received a significant sentence of seven years of imprisonment. Because the IJ "was correct in ruling that [Deer] has not shown that he was not convicted of a particularly serious crime," the BIA affirmed the denial of withholding of removal.[2]

Deer filed a petition for review of the February 26, 2016 order denying his motion for reconsideration[3] and of the April 12, 2017 order denying withholding of removal.[4] Under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review final orders of removal, including the denial of a motion for reconsideration.[5] See Vakker v. Att'y Gen., 519 F.3d

---

[2] The Board did not disturb the IJ's conclusion that Deer was eligible for CAT protection.

[3] Deer filed an earlier petition for review of the order denying his motion for reconsideration, but we dismissed it for lack of jurisdiction on the basis that the "withholding only" proceedings rendered the underlying removal order nonfinal. We stated, however, that the dismissal was without prejudice to Deer "raising any issues concerning the Board's February 26, 2016 order, if necessary, in a timely petition for review following completion of the Immigration Judge's withholding-only proceedings, and any appeal therefrom." Deer v. Att'y Gen., C.A. No. 16-1738 (order entered Nov. 14, 2016).

[4] Deer has also filed a "Motion to Grant Nunc Pro Tunc Relief or to Remand in Light of Matter of Abdelghany," 26 I. & N. Dec. 254 (BIA 2014), arguing that he is eligible for a waiver of inadmissibility under former 8 U.S.C. § 1182(c). That motion is denied. We lack authority to grant relief under § 1182(c), and Deer has failed to demonstrate that a remand is warranted.

[5] The fact that Deer seeks review of an order denying reconsideration of a motion to reopen a reinstated removal order does not affect our jurisdiction. See Dinnall v. Gonzales, 421 F.3d 247, 251 n.6 (3d Cir. 2005) (stating that "[b]ecause an order reinstating a prior removal order is 'the functional equivalent of a final order of removal,' . . . we have jurisdiction to hear Dinnall's petition." (internal citation omitted)). But we lack jurisdiction to the extent that Deer challenges the original deportation order, the reinstated removal order, or the Board's denial of the motion to reopen. See 8 U.S.C. § 1252(b)(1) (providing that a petition for review must be filed within 30 days of entry of

143, 147 (3d Cir. 2008).  But we generally do not have jurisdiction to review final orders of removal against aliens, like Deer, who are removable for having committed an offense covered in § 1227(a)(2)(B) or § 1227(a)(2)(C).  See 8 U.S.C. § 1252(a)(2)(C). Nevertheless, we may review "constitutional claims or questions of law" raised in a petition for review.  8 U.S.C. § 1252(a)(2)(D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).

Deer challenges the denial of his motion for reconsideration on the ground that the Board erred in refusing to consider evidence of his compliance with Lozada, which requires that an alien alleging attorney ineffectiveness (1) support his claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide former counsel with a chance to respond; and (3) either file a disciplinary complaint against former counsel or explain why he has not done so.  See Rranci v. Att'y Gen., 540 F.3d 165, 172 (3d Cir. 2008) (noting that this Court has "essentially adopted" Lozada).  In particular, Deer asserts that Federal Rules of Civil Procedure 59(e) required the Board to accept the Lozada evidence as a supplement to his motion to reopen.  This legal claim lacks merit.  The Federal Rules of Civil Procedure do not apply in removal proceedings.  See Poole v. Mukasey, 522 F.3d 259, 263 (2d Cir. 2008).  Furthermore, new evidence should be submitted in a motion to reopen, not a motion for reconsideration.  See 8 C.F.R. §§ 1003.2(b)(1), (c)(1) (indicating that a motion to reopen

a challenged order); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006) (holding that the time limit for filing a petition for review is mandatory and jurisdictional).

"shall state the new facts," while a motion for reconsideration must "specify[] the errors of fact or law" in a prior Board decision). In any event, the Board did consider the Lozada evidence but concluded that it did not affect its earlier determination that reopening was not warranted. This conclusion was proper given that Deer failed to demonstrate that he acted diligently in pursuing his ineffectiveness claim. See Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005). Therefore, the BIA's denial of Deer's motion for reconsideration was not arbitrary, irrational, or contrary to the law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

Deer also challenges the Board's conclusion that he was ineligible for withholding of removal because his firearms conviction under § 2C:39-4a constituted a particularly serious crime. See § 1231(b)(3)(B)(ii) (providing that an alien who has been convicted of a "particularly serious crime" is ineligible for withholding of removal). In Alaka v. Attorney General, we held that an offense must be an aggravated felony to constitute a particularly serious crime. 456 F.3d 88, 105 (3d Cir. 2006). Here, however, the Board relied on its contrary holding in In re N-A-M-, that an offense need not be an aggravated felony to be a particularly serious crime.[6] 24 I. & N. Dec. at 337. Moreover, we recently overruled Alaka, stating that "particularly serious crime" as used in the withholding of removal statute includes but is not limited to aggravated felonies. Bastardo-Vale v. Att'y Gen., 934 F.3d 255, 266-67 (3d Cir. 2019) (en banc). Therefore, Deer's reliance on

---

[6] Neither the IJ nor the Board determined whether Deer's firearms conviction was an aggravated felony.

6

Alaka is no longer tenable.

Deer also argues that the IJ violated his due process rights by sua sponte raising the particularly serious crime issue. But the IJ was permitted to invoke a potential mandatory bar to Deer's eligibility for relief. See 8 C.F.R. § 1240.8(d) (providing that "[i]f the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply"). Notably, the IJ permitted Deer to testify about the facts and circumstances of the firearms offense, see In re N-A-M-, 24 I. & N. Dec. at 342 (holding that such considerations are appropriate when making a particularly serious crime determination), and there is no indication that the IJ was biased or partial. See Wang v. Att'y Gen., 423 F.3d 260, 268-69 (3d Cir. 2005).

Finally, Deer asserts that the Board misapprehended the facts in concluding that his conviction for possession of a weapon for an unlawful purpose was a particularly serious crime. At the evidentiary hearing, Deer made inconsistent statements about what he did with the gun. He claims that the Board should have resolved that inconsistency in his favor, crediting his testimony that he merely wanted to show the gun to a friend when it fell out of his waistband, rather than his later assertion that he had threatened another person with the gun. This claim, however, is essentially a challenge to the weight that the Board assigned to the evidence, which does not raise a constitutional claim or question of

7

law.[7] See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (holding that "arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence [or] failed to consider evidence . . . are not questions of law under § 1252(a)(2)(D)."). Accordingly, we lack jurisdiction to consider these arguments and will dismiss the petition for review to that extent.

In accordance with the foregoing, we will dismiss in part and deny in part Deer's petition for review.

---

[7] We nevertheless note that the Board did not specifically rely on Deer's threats in making the particularly serious crime determination. In fact, the Board acknowledged that Deer "asserts that his testimony establishes that he did not threaten anyone with the gun." Instead, the Board agreed with the IJ that Deer's conviction for possession of a weapon for an unlawful purpose was a particularly serious crime because it inherently involved risk of injury to others, because the police reported that Deer pulled out the gun (as opposed to Deer's claim that it fell out of his waistband), and because he had been sentenced to seven years of imprisonment.

8